IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HELIX ENERGY SOLUTIONS GROUP, INC. AND HELIX SUBSEA CONSTRUCTION, INC., § § § § | | |
| *Plaintiffs,* § | | |
| V. § | CIVIL ACTION NO. _____ | |
| § | | |
| STARR INDEMNITY AND LIABILITY COMPANY, § § § | | |
| *Defendant.* § | | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs HELIX ENERGY SOLUTIONS GROUP, INC. and HELIX SUBSEA CONSTRUCTION, INC. (collectively "Helix") file this Original Complaint for Declaratory Judgment against Defendant STARR INDEMNITY AND LIABILITY COMPANY ("STARR"), and in support thereof would show the following:

### I. NATURE OF ACTION

1. Helix brings this action for breach of contract and under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that Defendant owes a duty to defend and indemnify Plaintiffs, we are defendants in an underlying personal injury lawsuit, as additional insureds under a commercial general liability ("CGL") policy.

### II. THE PARTIES

2. Plaintiff HELIX ENERGY SOLUTIONS GROUP, INC. is a Minnesota corporation with its principal place of business in Texas.

3. Plaintiff HELIX SUBSEA CONSTRUCTION, INC. is a Delaware corporation with its principal place of business in Texas.

4. Defendant STARR INDEMNITY AND LIABILITY COMPANY is a Nevada corporation with its principal place of business in New York. It may be served with process through is registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.  JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332. There is diversity among the parties, as Plaintiffs and Defendant are domiciled in different states and countries, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this matter pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### IV.  ALLEGATIONS

**A.     The Underlying Lawsuit**

7. Helix was sued in Cause No. 2012-44604 captioned *Deryel Ledbetter v. M/V INTREPID, Helix Energy Solutions Group, Inc. and Helix Subsea Construction*, in the 281st Judicial District Court, Harris County Texas (hereafter "the Ledbetter suit").

8. Plaintiff Deryel Ledbetter ("Ledbetter") alleged that on February 17, 2010 he seriously injured his left hand onboard the M/V INTREPID when he slipped and fell on steps he claims were improperly maintained. In his second amended petition, Ledbetter alleged that at the time of the incident he was jointly employed by Helix and BH Contractors, LLC ("BHC").

9. Helix filed an answer in the Ledbetter suit denying any and all liability to Ledbetter. Helix further denied that Ledbetter was its employee, and asserted that he was a direct employee of BHC.

**B.     BHC's Contractual Obligations to Helix**

10. Helix and BHC entered into a Master Service Contract whereby each agreed to mutual promises and covenants. Exhibit 1 (A true and correct copy of the September 1, 2007 Master Service Contract (the "MSC"), attached and incorporated herein for all purposes). The MSC was in effect at that time of Ledbetter's alleged injury.

11. The MSC governed the work performed by the personnel of BHC for Helix as a subcontractor. Specifically, BHC agreed to provide to Helix "fully trained personnel capable of efficiently operating such equipment and performing services." It was under the terms of this agreement that BHC dispatched Ledbetter, one of its "fully trained personnel," to the M/V INTREPID to perform welding services.

### (1) Defense and Indemnity Obligations

12. Article IX(B) of the MSC requires BHC to protect, defend, indemnify and hold harmless Helix in the event that a claim for personal injury is asserted against Helix by BHC's personnel:

> SUBCONTRACTOR agrees to protect, defend, indemnify and hold harmless Helix and all vessels owned, operated and/or chartered by Helix its and/or their agents, directors, officers, employees, servants, consultants, invitees. and insurers, any customer and/or third party for whom Helix is under contract and/or performing services, specifically including though not limited to the extent Helix may be obligated to defend and indemnify any other persons or legal entity under the applicable contract with Helix 's customer and each of them, its and/or their agents, employees, officers, directors, servants, rigs, vessels, and their insurers (hereinafter "Helix Indemnitees") from and against any and all claims, demands, losses and expenses, including court costs and attorney's fees, lawsuits, liabilities or causes of action of every kind and character, in favor of any person or party, for injury to or illness or death of SUBCONTRACTOR, , its parent, subsidiary, affiliated and related companies, which injury, illness, death or damage arises out of, which may be alleged to have arisen out of, or is incident to, directly or indirectly, the work performed under this Contract and regardless of the causes of such injury, illness or death, even though caused in whole or in part by a preexisting defect, negligence or strict liability of the Helix or any of the other Indemnitees hereunder, the unseaworthiness of any vessel(s) or other legal fault of the Helix or any of the Indemnitees listed above. SUBCONTRACTOR shall fully defend any such claim, demand or suit at its sole cost and expense, even if the same is groundless.

### (2) Insurance Obligations

13. BHC further agreed, per Article VIII, to maintain certain policies of insurance and name Helix as an additional assured with a waiver of the insurers' rights of subrogation against Helix. Specifically, BHC was further required to secure comprehensive general liability insurance with minimum limits of $1,000,000 for injury to or death of any one person and $1,000,000 for any one accident; notably with an endorsement deleting the watercraft exclusion. Exhibit 1 (MSC, Article VIII, paragraph A, subparagraph 2, §§ 2.1(a) and 2.2(a)).

14. BHC agreed to obtain the foregoing insurance with several endorsements.

15. First, BHC was required to name Helix as an additional insured on all of the required policies. The MSC states:

> Additional Insured Endorsement: Helix and third parties and/or customers for whom Helix is and/or may be working or acting are hereby named as additional assureds with no obligation to pay premiums, deductibles or liability for expenditures directly and/or under any "sue and labor" claims.

Exhibit 1 (MSC, Article VIII, paragraph D, subparagraph 2).

16. Second, the MSC also mandated that BHC obtain an endorsement that its insurance under the MSC would be Helix's primary insurance:

> [n]o 'other insurance' provision shall be applicable to Helix or its insurers by virtue of having been named as an additional assured under this policy. Furthermore, all insurance provided by [BHC] hereunder and pursuant to this Article VIII shall be deemed primary insurance of Helix and all additional insureds thereunder by [BHC's] insurers.

Exhibit 1 (MSC, Article VIII, paragraph D, subparagraph 3).

17. Finally, the MSC required BHC to obtain an endorsement on the subject policies by which BHC's insurers waive all rights of subrogation against Helix.

> Waiver of Subrogation Endorsement: The insurers hereby waive any and all rights of subrogation, whether created by law, equity, or a contract, against Helix as defined herein, including its agents, directors, officers, employees, servants, joint interest owners and joint venturers, vessels owned, operated, and/or chartered by

>Helix, and against any customer or third party for whom Helix is or may be acting and/or working, and the insurers of all the above referred to entities.

Exhibit 1 (MSC, Article VIII, paragraph D, subparagraph 1).

### C.  The Starr Policy

BHC obtained from Starr a CGL policy (Policy No. WSCINRG00013409) for the period of September 29, 2009 to September 29, 2010 (the "Starr policy"). Exhibit 2 (A true and correct copy of the Starr policy, attached and incorporated herein for all purposes).

### D.  Ledbetter Settlement

18. Helix tendered a demand to BHC and its insurer Starr for defense and indemnity against Ledbetter's claims.

19. On August 20, 2012, Helix tendered its initial demand on BHC for defense and indemnity. Exhibit 3 (True and correct copy of August 20, 2012 demand, attached and incorporated herein for all purposes).

20. On September 11, 2012, Helix filed a cross claim against BHC in the Ledbetter suit, alleging breach of contract for its failure to meet its obligations under the MSC.

21. On October 4, 2012, Starr responded to Helix's August 20, 2012 demand through FARA Insurance Services ("FARA"), supplementing its response on September 4, 2013.

22. On October 4, 2013, Helix made demand on Starr for defense and indemnity by letter to Beth Bradley of Tollefson Bradley Ball & Mitchell, LLP, coverage attorney for Starr. Exhibit 4 (True and correct copy of October 4, 2013 demand, attached and incorporated herein for all purposes). Starr responded through Ms. Bradley by letter dated October 14, 2013.

23. On November 5, 2013, Helix made demand on Starr for defense and indemnity by letter to BHC's broker, Jeff Day of Southwest Risk, copying FARA and Ms. Bradley. Exhibit 5 (True and correct copy of November 5, 2013 demand, attached and incorporated herein for all

purposes).

24. On February 25, 2014, Helix again made demand on Starr for defense and indemnity by letter to Jeff Day of Southwest Risk and Ms. Bradley. Exhibit 6 (True and correct copy of February 25, 2014 demand, attached and incorporated herein for all purposes).

25. On April 3, 2014, Helix again made demand on Starr through its attorney, Ms. Bradley for defense and indemnity. In its demand, Helix set forth in detail the policy provisions under which Helix was entitled to coverage. Exhibit 7 (True and correct copy of April 3, 2014 demand, attached and incorporated herein for all purposes).

26. In spite of repeated demands, BHC and its insurer have refused to provide the requested defense and indemnity.

27. Helix has and continues to deny liability to Ledbetter in any capacity. However, in an attempt to put the dispute behind it, on May 12, 2014, Helix agreed to settle Ledbetter's claims by paying a reasonable amount to Ledbetter. During the settlement phase of the Ledbetter suit, BHC declined Helix's invitation to participate in the settlement discussions, and did not at any time object to Helix settling the dispute or to the amount paid to settle Ledbetter's claims

## V. COUNT I
## BREACH OF CONTRACT

28. Helix restates and incorporates each of the foregoing allegations as if fully set forth at length herein.

29. A valid contract in the form of the CGL policy exists between BHC and Starr.

30. Helix is the intended third-party beneficiary, as BHC secured and entered into the CGL policy, in part, expressly for Helix's benefit.

31. Starr has breached the express terms of the CGL policy by denying coverage to

Helix in the Ledbetter suit. As a direct and proximate result of Starr's breaches of the CGL policy, Helix has sustained damages including without limitation attorneys' fees and expenses, as well as settlement costs, in defending and resolving the Ledbetter suit.

32. Helix has also incurred attorneys' fees and expenses in preparing the present Complaint and in making demand on Starr for coverage under the CGL policy. The attorneys' fees and expenses Helix has incurred in preparing the present Complaint and making demand against Starr also proximately resulted from Starr's breach.

33. All conditions precedent to Helix's recovery against Starr for breach of the CGL policy have been performed or have occurred as required by Tex. R. Civ. P. 54.

## VI. COUNT II
## REQUEST FOR DECLARATORY RELIEF

34. Helix restates and incorporates each of the foregoing allegations as if fully set forth at length herein.

35. An actual, bona fide controversy exists between Helix, on the one hand, and Starr, on the other, that requires a judicial declaration by this Court of the parties' rights and duties. Namely, the parties disagree as to whether Starr had and has a duty to defend and indemnify Helix in the Ledbetter suit, and an obligation to pay all of the attorneys' fees and related costs it has incurred to defend that action.

36. Helix seeks a Declaratory Judgment that, under the terms of the MSC and the CGL policy, Starr is obligated to compensate and provide coverage to Helix for any damage or loss Helix incurs arising from Ledbetter's claims against Helix.

37. Specifically, Helix seeks a declaration that:

(a) Helix is entitled to damages, including without limitation, attorneys' fees, expenses, and any other damages incurred by Helix in defending Ledbetter's claims.

(b) Helix is an additional insured and a third party beneficiary under the CGL policy.

(c) Starr has and had a duty under the CGL policy to defend Helix against claims asserted in the underlying litigation;

(d) Starr must promptly pay to Helix all attorneys' fees and costs incurred by Helix in defense of the underlying litigation, including settlement costs and pre-judgment interest accruing thereon at the statutory rate;

(e) The settlement amount paid by Helix to Ledbetter was reasonable;

(f) Starr must promptly reimburse Helix for the settlement amount paid by Helix to Ledbetter; and

(g) Starr must promptly pay to Helix all attorneys' fees and costs incurred by Helix in the prosecution of this action, including all pre-judgment interest accruing thereon at the statutory rate.

Helix also seeks such other and further relief as the Court may deem just and proper.

## VII.  DEMAND FOR JURY TRIAL

38. Pursuant to FED. R. CIV. P. 38, Helix hereby demands a trial by jury.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, pursuant to 28 U.S.C. §§2201 and FED. R. CIV. P. 57, Helix requests that the Court construe the CGL policy issued by Starr and declare that:

(a) Starr has a duty to cover Helix as an additional insured without limitation against any and all claims of Ledbetter against Helix;

(b) Starr has a duty to cover Helix for any and all damages, fees, court costs, settlement costs and expenses incurred by or adjudicated against Helix in the Ledbetter suit;

(c) Starr is in breach of its insurance policy; and

(d) Starr is liable pursuant to TEX. CIV. PRAC. & REM CODE § 38.001 for attorneys' fees incurred by Helix as a result of its breach of the insurance policy;

Helix further seeks attorneys' fees and costs incurred in the prosecution of this action, and all other and further relief to which it may be justly entitled.

Respectfully submitted,

**BLAND & PARTNERS, PLLC**

*/s/ Susan Noe Wilson*
SUSAN NOE WILSON
Texas Bar No. 15055025
snoewilson@blandwilson.com
CALLIE MURPHY
Texas Bar No. 24041546
cmurphy@blandwilson.com
MATTHEW C. GUY
Texas Bar No. 24050702
mguy@blandpartners.com
1717 Saint James Place, Suite 360
Houston, Texas  77027
Telephone:  713-627-7100
Facsimile:    713-627-7148

**ATTORNEYS FOR PLAINTIFFS,**
**HELIX ENERGY SOLUTIONS GROUP, INC.**
**and HELIX SUBSEA CONSTRUCTION, INC.**